SARAH BURHANS, respondent,

*v.*

JOHN BURHANS, appellant.

[Submitted March 28th, 1923.    Decided June 18th, 1923.]

1. A husband conveyed real estate to his brother in trust for grantor's use, the wife not joining in the conveyance, and after her husband's death his widow filed a bill to have her dower assigned, which was done, and its value ascertained as at the time of the death of her husband. *Held*, that under the statute giving a widow dower in all lands whereof her husband, or any other to his use, was seized of an estate of inheritance, the widow was entitled to dower, in lands held in trust for the use of the husband, if she had not released them.

2. A subsequent section of the statute provides that a widow may recover the value of her dower from the time of her husband's death, if he die seized, or from the time of demanding dower, if the husband was seized, but did not die seized, until date of recovery. *Held*, that the two sections should be construed with reference to one another, and that under the first, the trustee held for the use of the husband and the widow entitled to dower, and that under the second, the widow was not limited as to value from the date of demand, unless the husband was divested of his seizin during his lifetime, by means not affecting the wife, and, therefore, did not die seized, although seized during coverture.

3. Section 3 of the act relating to dower does not limit the right of the widow to dower given by section 1 of the act, when another is seized for the use of the husband at his death.

On bill of assignment of dower.

*Messrs. Humphrey & Sumner* and *Mr. Merritt Lane,* for the appellant.

*Mr. Michael Dunn,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

The bill in this case was filed by complainant, the widow of Charles Burhans, to have assigned her dower

in lands which her husband, Charles, has conveyed to his brother John, and which John held according to a declaration of trust made by him "for the use and benefit of the said Charles Burhans, his heirs, executors, administrators and assigns, and that I have no beneficial interest therein, and upon further trust to convey the same to Charles whenever he should thereto be requested, discharged from all liens, and that he or his heirs would not do, or knowingly permit, any act or thing whereby the premises should be encumbered."

John was joint owner of the land and after the conveyance to him he collected the rents and had general management of the property. Charles died and his widow filed this bill, which resulted in a decree in her favor, with reference to a special master to state an account showing what was due to the widow as the value of her dower, and the damages she had suffered by the detention. The master made a report, to which exceptions were filed by the defendant, and on the hearing the vice-chancellor sustained some of the exceptions and overruled others, and from that decree this appeal was taken. It appears that there was a mortgage of $17,000 on the property made before the marriage of Charles; that $7,000 of this mortgage was paid, the money being raised by another mortgage on the same property which was not signed by the complainant.

The decree holds the defendant accountable for the rents and profits from the date of the death of Charles Burhans, and the first point argued by the appellant is, that interest should only run from the time of demand by the complainant to have her dower assigned, because Charles, the husband, was not seized at the time of his death of the land, but the title held by his trustee. This is not sound in law because the statute gives the widow dower in all the land and real estate, "whereof her husband, or any other to his use, was seized of an estate of inheritance, at any time during the coverture, to which she shall not have relinquished or released her right of dower, by deed executed and acknowledged in the manner prescribed by law for that purpose." (Section 1

of "An act relative to dower." *Comp. Stat. p. 2044.* The property in question was certainly held by another, his brother John, to the use of the deceased, and, therefore, the latter was seized to the use of Charles at the time of his death. But defendant argues that section 3 of the same statute (*Comp. Stat. p. 2045*) provides that a widow "may sue for and recover the same with damages; that is to say, the value of the whole dower to her belonging, from the time of her husband's death, if he died or shall die seized, or from the time of demanding dower, if the husband was or shall be seized, but did not or shall not die so seized, unto the day that she shall recover seizin of her dower by judgment of the court," and that as her husband did not die seized of the title the value of the dower is to be ascertained, not at her husband's death, but from the time of demand. It is our opinion that the two sections mentioned must be construed with reference to each other. The first fixes dower when the husband is seized at death, either in person or by another for his use, and the second where he has been seized during coverture, but has been deprived of the seizin by some means not affecting the dower of the wife, such as conveyance by the husband in which she did not join, or transfer by virtue of a judicial sale by a proceeding in which the wife was not a party.

The next point which appellant makes is that in the accounting the plaintiff ought not to have been allowed over one-half of the mortgage of $7,000. We do not think so. The money was raised, and the mortgage paid off out of the proceeds of another mortgage of like amount given by Charles and John, which the widow did not sign, so that her estate in dower is only subject to the mortgage of $10,000, and with that she was charged.

The next point made is that the widow should have been charged with the interest on the mortgage of $10,000, which was allowed to accumulate and which John paid. There is nothing in this point, for as soon as the interest was paid the dower was relieved. This mortgage was given by both Charles and John, and both were bound to pay the interest;

John collected the rents for many years, the amount of which was largely in excess of the interest, but he refused to pay the interest at maturity. It was his debt, and its non-payment, if he is right in his present claim, cast an improper burden on the complainant's right of dower, of which his subsequent liquidation of the interest relieved it.

The next point is that the decree did not allow to the defendant two items which he had paid, one of $63.56, and also another item of $37.20. 'The $63.56 was expended for legal services, in a case affecting the land, and the other item is for stenographer's fees in the orphans court, which arose out of the hearing of a contest over the will. Both of these items were properly rejected. The $63 was expended by John after he became trustee for the protection of the land and in no way affected the dower right of the widow. As to the other item, if the widow is bound to pay it, it is a personal debt, which was no lien on the property, and cannot be properly set off in the present accounting.

The last point is that the complainant was allowed by the decree her costs to be taxed, and also a counsel fee. She was the successful party and entitled to her costs, and the court of chancery had the power to allow the counsel fee. The decree will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—12.

*For reversal*—None.